IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WHAM-O HOLDING, LTD. and INTERSPORT CORP. d/b/a WHAM-O, <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> Defendants. | Case No. 24-cv-01473 <br><br> **Judge Virginia M. Kendall** <br><br> **Magistrate Judge Sunil R. Harjani** |

**PRELIMINARY INJUNCTION ORDER**

Plaintiffs, WHAM-O HOLDING, LTD. and INTERSPORT CORP. d/b/a WHAM-O ("WHAM-O" or "Plaintiffs") filed a Motion for Entry of a Preliminary Injunction against the against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (collectively, "Defendants") and using at least the online marketplace accounts identified in Schedule A (the "Defendant Internet Stores"). After reviewing the Motion and the accompanying record, this Court GRANTS WHAM-O's Motion as follows.

This Court finds WHAM-O has provided notice to Defendants in accordance with the Temporary Restraining Order entered February 28, 2024, [20] ("TRO"), and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, WHAM-O has provided a basis to conclude that Defendants have targeted sales to Illinois residents by

setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing and counterfeit versions of WHAM-O's federally registered trademarks, which are protected by U.S. Trademark Registration Nos. 4,046,202; 970,089 and 679,186 (the "FRISBEE Trademarks") to residents of Illinois. In this case, WHAM-O has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using counterfeit versions of the FRISBEE Trademarks. *See* Docket No. [15], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its counterfeit goods to customers in Illinois bearing infringing and/or counterfeit versions of the FRISBEE Trademarks.

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of WHAM-O's previously granted Motion for Entry of a TRO establishes that WHAM-O has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that WHAM-O will suffer irreparable harm if the injunction is not granted.

Specifically, WHAM-O has proved a *prima facie* case of trademark infringement because (1) the FRISBEE Trademarks are distinctive marks and are registered with the U.S. Patent and Trademark Office on the Principal Register, (2) Defendants are not licensed or authorized to use any of the FRISBEE Trademarks, and (3) Defendants' use of the

FRISBEE Trademarks is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with WHAM-O. Furthermore, Defendants' continued and unauthorized use of the FRISBEE Trademarks irreparably harms WHAM-O through diminished goodwill and brand confidence, damage to WHAM-O's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, WHAM-O has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:
    a. using the FRISBEE Trademarks or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine WHAM-O product or not authorized by WHAM-O to be sold in connection with the FRISBEE Trademarks;
    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine WHAM-O product or any other product produced by WHAM-O, that is not WHAM-O's or not produced under the authorization, control, or supervision of WHAM-O and approved by WHAM-O for sale under the FRISBEE Trademarks;
    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of

    WHAM-O, or are sponsored by, approved by, or otherwise connected with WHAM-O; and

  d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for WHAM-O, nor authorized by WHAM-O to be sold or offered for sale, and which bear any of WHAM-O's trademarks, including the FRISBEE Trademarks, or any reproductions, counterfeit copies, or colorable imitations.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. Upon WHAM-O's request, Defendants and any third party with actual notice of this Order who is providing services for any of Defendants, or in connection with any of Defendants' Defendant Internet Stores, including, without limitation, any online marketplace platforms such as eBay, Inc. ("eBay"), PayPal, inc. ("PayPal"), and Amazon Payments, Inc. ("Amazon") (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to WHAM-O expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

  a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

    b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Defendant Internet Stores and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Defendant Internet Stores; and

    c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, eBay, PayPal, and Amazon, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Upon WHAM-O's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 3, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the FRISBEE Trademarks.

5. Any Third Party Providers, including eBay, PayPal, and Amazon, shall, within seven (7) calendar days of receipt of this Order:

    a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit 2 to the Declaration

    of Kurt Rios, and any e-mail addresses provided for Defendants by third parties; and

  b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

6. WHAM-O may provide notice of the proceedings in this case to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website or by sending an e-mail with a link to said website to the e-mail addresses identified in Exhibit 2 to the Declaration of Kurt Rios and any e-mail addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "acutastore and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

7. Plaintiffs' Schedule A to the Complaint [2], Exhibit 2 to the Declaration of Kurt Rios [15], and the TRO [20] are unsealed.

8. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

9. The ten thousand dollar ($10,000) bond posted by WHAM-O shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

SO ORDERED

_____
Virginia M. Kendall
United States District Judge

Dated: 3/27/2024

**Schedule A**

| No | Defendants |
|---|---|
| 1 | acutastore |
| 2 | alexas345 |
| 3 | Alytha |
| 4 | b.kakan |
| 5 | becomall12 |
| 6 | begonia-0603 |
| 7 | bestone978 |
| 8 | bkr.store |
| 9 | bonbon_games |
| 10 | buysmartevavalsan |
| 11 | comeupbuy |
| 12 | cooljapan-tsushu0 |
| 13 | dinganquezhishan_0 |
| 14 | dongchaojie |
| 15 | eplacesolution-2 |
| 16 | erai9660 |
| 17 | faeistore |
| 18 | feicha-9105 |
| 19 | flyingchannel |
| 20 | g-luckyhome |
| 21 | hierward2 |
| 22 | hot_costumes |
| 23 | jablack2020 |
| 24 | janiyam-7 |
| 25 | joyoftoys |
| 26 | kain2608 |
| 27 | kalavid |
| 28 | kxqhm_37 |
| 29 | lal_kus |
| 30 | lokd862 |
| 31 | low_key088 |
| 32 | martialey-0 |
| 33 | mayorsports |
| 34 | meirben09 |
| 35 | millionaire_101 |
| 36 | mssureshkum0 |
| 37 | nabeel.r56 |
| 38 | ng_3509 |
| 39 | ohanshar |
| 40 | ozgurstore |
| 41 | rongz-69 |
| 42 | rugenshopping |
| 43 | ruiyangfa8190 |
| 44 | safe_seller365 |
| 45 | sah_creatives |

| | |
|---|---|
| 46 | sevenspiritualgifts |
| 47 | shiji-sport |
| 48 | shoppings-09141 |
| 49 | shreeenterprises_0 |
| 50 | smartyiwu |
| 51 | storesatisfactory |
| 52 | syedqab_18 |
| 53 | tezzz1207 |
| 54 | thelittleparcel |
| 55 | tuncel87 |
| 56 | wmkstore |
| 57 | youcho-421 |
| 58 | ysqdzsw |
| 59 | yucheng-2023 |
| 60 | ywxeiwa-93 |
| 61 | zkom40 |
| 62 | animes moll |
| 63 | Anwqr |
| 64 | Avaner |
| 65 | AYNKH. |
| 66 | Balonta |
| 67 | Bian Yalong |
| 68 | bouncevi |
| 69 | cao jun xiong |
| 70 | CFamily |
| 71 | cheng han |
| 72 | ChengQIToy |
| 73 | chivalrylist |
| 74 | CIOKUO |
| 75 | Cloudwinner |
| 76 | DEV_COLLECTION |
| 77 | Dikasa Fashion |
| 78 | Dongguan Shitian Advertising Decoration Co., Ltd. |
| 79 | dongguanshiyongshengwanjushangmaoyouxiangongsi |
| 80 | DongHu_Outdoor |
| 81 | Du Du's Treasure Shop |
| 82 | EIATBF Direct |
| 83 | END |
| 84 | FOEDOY |
| 85 | G2HOME |
| 86 | GCR ONLİNE |
| 87 | He Shishang |
| 88 | Her Kindness |
| 89 | home sen |
| 90 | HuanLunB |
| 91 | huasimple |
| 92 | HuYiKeJi |
| 93 | ICEBLUEOR |

9

| 94 | iFCOW Direct |
|---|---|
| 95 | Ignite ZealS |
| 96 | INDIAN BLESSING |
| 97 | Iokei |
| 98 | jiujiangyongfengshoushangmaoyouxiangongsi |
| 99 | jiuwu store |
| 100 | JSN Global Distribution |
| 101 | JunLeFeng |
| 102 | Kalindri Enterprises |
| 103 | Kalindri Sports |
| 104 | kelujidianzishangwu |
| 105 | KMG |
| 106 | kunmingpinyingleishangmaoyouxiangongsi |
| 107 | lankaoxianyupindianzishangmaoyouxiangongsi |
| 108 | LAOQU |
| 109 | Li Zhendong |
| 110 | lightinthedark |
| 111 | LIU XIAN YI |
| 112 | LiuMelinda |
| 113 | liyufeidianpu |
| 114 | LONTOM |
| 115 | LUCKKY【fast delivery】 |
| 116 | Luminouss |
| 117 | Meizihuazhuangpin |
| 118 | Minquan County Lilith E-Commerce Co., Ltd. |
| 119 | Mioen |
| 120 | Mixxii |
| 121 | ModiBooth Shop |
| 122 | MyGothikShop |
| 123 | Ncoe |
| 124 | NEVRTP |
| 125 | nuoyasi |
| 126 | OCCOKO ✈ (Fast delivery 5-20 days) |
| 127 | Parieo |
| 128 | PM Squared |
| 129 | QIOKKKC |
| 130 | RIGHTPARTS |
| 131 | runzishang |
| 132 | Shangqiu Xingye Electronic Commerce Co., Ltd. |
| 133 | SHenT |
| 134 | shijichuanshi(beijing)maoyiyouxiangongsi |
| 135 | Shipin Xiaoshoubu |
| 136 | shunfeng shunshui store |
| 137 | Sinmora pet |
| 138 | smilll |
| 139 | SOYUOI official store |
| 140 | Sunhin el |
| 141 | szxhy |

10

| | |
|---|---|
| 142 | tengzhoushiruolanxidianzishangmaoyouxiangongsi |
| 143 | TOPERFECT |
| 144 | Uooser |
| 145 | Vincentdianpu |
| 146 | wang jian fenus |
| 147 | WANG XIN KOU |
| 148 | We also have |
| 149 | wowmolly |
| 150 | xiaoxiaojiahao |
| 151 | XK28 |
| 152 | Xshelley bgkentan |
| 153 | xuanxiutang |
| 154 | xx-shop |
| 155 | XYDIANPU |
| 156 | Yamsh |
| 157 | YanPing Gao |
| 158 | YaWoKe |
| 159 | Yeelua |
| 160 | yijaimei |
| 161 | yin-ling |
| 162 | ZhiJiangShiLiangSanCiShangMaoYouXianGongSi |
| 163 | ZHONG SHENG |
| 164 | ZhongDeXin |
| 165 | ZhuRao |
| 166 | ZiFanBaiHuo |
| 167 | Zmkm |